Samuel Paul PEARSON,
Plaintiff–Appellant,

v.

Joseph N. HORENSTEIN,
Defendant–Appellee.

No. 01–2631.

United States Court of Appeals,
Sixth Circuit.

July 30, 2002.

Before SILER, COLE, and CLAY, Circuit Judges.

## ORDER

Samuel Paul Pearson, a Michigan state prisoner, appeals pro se a district court order dismissing his alleged civil rights action as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After unsuccessfully pursuing a malpractice action against his appointed de-

fense counsel in state court, Pearson filed this complaint in federal district court naming his public defender at his criminal trial as the defendant and seeking monetary relief for alleged violations of his constitutional rights during his representation. The district court dismissed the complaint as frivolous, concluding that it lacked any arguable basis in law because public defenders are not state actors, and because Pearson could not bring an action asserting that his conviction was illegal, as it had not been overturned. Pearson filed a motion for reconsideration and to amend his complaint to allege that the named defendant had conspired with state officials to bring about his conviction, which was also denied. On appeal, Pearson argues that the district court erred in denying his motion to amend, not permitting him to conduct discovery, not appointing counsel to represent Pearson, and failing to grant him pauper status to appeal.

Upon review, we conclude that this complaint was properly dismissed as frivolous, as it lacks any arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The district court appropriately found that the named defendant could not be sued under 42 U.S.C. § 1983, as he is not a state actor. *Polk County v. Dodson,* 454 U.S. 312, 318–19, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). The district court also correctly pointed out that, because the complaint implies that Pearson's conviction is illegal, no cause of action has accrued because the conviction has not been overturned. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A further defect with the complaint is that it can be construed as an attempt to appeal the unfavorable result from Pearson's state malpractice action, which review is not available in federal district court. *Pat-*

*mon v. Michigan Supreme Court,* 224 F.3d 504, 510 (6th Cir.2000).

The arguments raised by Pearson on appeal are unavailing. Even if his conclusory assertion of a conspiracy by defendant with state actors were accepted, the complaint would nevertheless lack any basis in law for the alternate reasons set forth above. Discovery, the appointment of counsel, and the grant of pauper status also could not prevent the inevitable dismissal of this complaint as frivolous. Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.